## GREENEWALT v. STANLEY CO. OF AMERICA.

### No. 4469.

Circuit Court of Appeals, Third Circuit.

Dec. 17, 1931.

William G. Mahaffy, of Wilmington, Del., and Busser & Harding, of Philadelphia, Pa. (Frank S. Busser and George Harding, both of Philadelphia, Pa., of counsel), for appellant.

Joseph G. Denny, Jr., of Philadelphia, Pa. (H. Dorsey Spencer, of New York City, and William H. Foulk, of Wilmington, Del., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal by the appellant, the plaintiff below, from a decree dismissing a bill charging infringement of appellant's reissue patent No. 16,825 for a method of and means for associating light and music. The original issue was on January 15, 1924, upon an application filed August 30, 1918. The patent was reissued upon application on December 20, 1927. The issues upon hearing involved infringement of method claims 8 to 17 of the reissued patent. The defenses set up were invalidity and noninfringement. The court held that the claims in suit were invalid, because of public use by the patentee more than two years prior to the application for the patent in suit, and that the right to the patent was barred under the provisions of Rev. St. § 4886 (35 USCA § 31).

We have carefully examined the evidence in relation to the performances given by the appellant in 1914 at Perkiomen Seminary and at Dayton, Ohio. Appellant at these performances reduced to practice before audiences for paid admissions the method of combining sound and light for æsthetic expression, set out in the reissued patent in claims 8 to 17. The evidence was sufficient to convince the learned District Judge and convinces this court that these public exhibitions were outright business transactions unaffected by any intention on the part of the patentee to use them for experiment. Against such business transactions, a secret purpose to test the invention, presently existing or later arising in the mind of the inventor, cannot prevail. Wilkie v. Manhattan Rubber Mfg. Co. (C. C. A. 3) 14 F.(2d) 811. The decision might rest upon that defense alone.

It is urged, however, by the appellee that the association of light and color with rhythmic sound or music, sought to be monopolized by the appellant, as set out in her claims in suit, is not a statutory subject-matter for patent. It is conceded that method claim 10 is typical. It is as follows: "The method of combining sound and light for æsthetic expression, consisting in producing audible sounds in timed, rhythmic relationship, flooding with light an area within the area of audibility of the sound and simultaneously producing gradual variations in the color and intensity of the light in timed relationship with the emotional or æsthetic content of a succession of such sounds."

From the appellant's testimony, and from a study of the method claims and the specifications, it appears that it is immaterial at what point or points in the musical composition the change in the intensity or color of light takes place or in what degree it occurs or in what order it occurs or what colors are used. What is done in carrying the method into effect, and how it is done, is to be determined by the æsthetic and emotional reaction of the individual, and such reactions may differ with different individuals. It is apparent from the specifications and claims and the appellant's detailed elucidation of what is meant thereby that the invention depends upon the artistry, caprice, or peculiarities of the performer and the susceptibility of the auditor-spectator. We do not find authority in the law for the issuance of a patent for results dependent upon such intangible, illusory, and nonmaterial things as emotional or æsthetic reactions. An emotional or æsthetic timed relationship between music and light, thus dependent, is not a statutory "art, machine, manufacture, or composition of matter" susceptible of protection under the patent laws. R. S. § 4886 (35 USCA § 31). A patentable process is a method of treatment of certain materials to produce a particular result or product. It is an act or a series of acts performed upon the subject-matter to be transformed and reduced to a different state or thing. Cochrane v. Deener, 94 U. S. 780, 24 L. Ed. 139; Holland Furniture Co. v. Perkins Glue Co., 277 U. S. 245, 48 S. Ct. 474, 72 L. Ed. 868.

We conclude that the method claims are void for want of patentable subject-matter.

There was no evidence produced in the court below tending to show that the appellee in its exhibitions infringed any of the claims of the patent for combination of means. For the reasons set out above, and since we find no error in the findings and conclusions of the court below, the decree is affirmed, at appellant's costs.

Decree affirmed.